This case involves damage to an apartment building from rain. Rain entered the building and caused structural damage resulting in property damage to my client's building in excess of a half a million dollars. Appellant concedes that the efficient proximate cause of this property damage is defective construction. Under the policy that State Farm issued to my client, it excludes defective construction as a cause of loss. However, there is an exception to the defective construction exclusion that says that this exclusion for defective construction does not apply if the physical loss described is a loss described in paragraphs 1 or 2 of the loss is not insured section of the policy. So what we have is we have an all risk insurance policy that provides broad coverage. It carves out defective construction and then it grants coverage back under the exception to the defective construction exclusion which only applies if the physical loss is a loss described in the loss is not insured section of the policy. The insurance company has argued that the repeated leakage and seepage exclusion under the loss is not insured section of the policy covers this rain damage. In other words, excludes it. Under your ruling in Tinto, this court ruled under identical policy language for all intents and purposes that rain damage is not an excluded peril under the loss is not insured section which in Tinto included the repeated seepage and leakage exclusion. Rain is not repeated leakage and seepage. Insurance policies are interpreted in a common sense dictionary way. And when you step outside, not on a day like today, but on a typical Seattle day, you don't say that it's seeping and leaking outside. You say it's raining. This insurance company under its insurance contract knows how to define rain when it wants to. Under a separate section of the policy, the limitation section, it talks about rain and when it wants to limit coverage as to rain, it knows how to describe it. Under the repeated leakage and seepage exclusion, rain is never mentioned. And if you look at the case law interpreting this exclusion, it is uniformly applied in situations where you have seepage and leakage from appliances, pipes, and the like, repeated seepage and leakage from those types of systems that damage property. That is not our circumstance here. I'll reserve the rest of my time for rebuttal unless Your Honor has a question. Okay. Good morning, Your Honors. Timothy Witters on behalf of Appley State Farm Fire and Casualty Company. The loss here was caused by any one of three potential efficient proximate causes, decay or deterioration, continuous or repeated leakage or seepage of water that has occurred over time, or defective construction, materials, design, all of which are excluded under this policy. The law in the State of Washington and the Washington Supreme Court has announced that if all efficient proximate causes of loss are excluded,  Now, Mr. Heffernan on behalf of the appellant here has stipulated, and I don't know whether he needs to, but because the factual information is pretty clear, this building was not very well built. But he stipulated that the loss here, in his opinion, the efficient proximate cause was the faulty, inadequate, unsound, or defective construction, which is specifically excluded under the exclusion number three, or exclusion number four, which he has not also alluded to. There are two exclusions at ER 39 of the record. Exclusion three says we do not insure under any coverage for any loss caused by one of the items below, faulty, inadequate, unsound, or defective, and I'll shorten it up, construction. And number four says we do not insure under any coverage for any loss consisting of the items in paragraphs one, two, or three. Now, what we're talking about here is a loss that has either been caused by or consists of decay or deterioration, which is specifically referred to in paragraph 2D, or it was caused by or consists of repeated or continuous seepage or leakage of water that has occurred over a period of time, which is specifically described or referred to in paragraph 2K. So if you look at this language, which Mr. Heffernan tries to say that there's an escape hatch for his client under paragraph three, where it says, however, this exclusion applies only if the physical loss is a loss described in paragraphs one or two above, it is specifically described in either paragraphs one or two above, i.e., paragraph 2D, decay or deterioration. That's precisely the damage that has occurred here. Water infiltration causing gypsum sheet rock to deteriorate or decay, i.e., the stick built construction, the wood decaying, which is what he's claiming that this insurance company should pay for. So it is a loss specifically referred to in paragraph 2D. And it is a loss that is specifically referred to in paragraph 2K. The experts have said here, even the appellant's own expert, has said that this building, because of the way it was built, has been leaking or seeping water over a period of time ever, essentially ever since the first day it was built. Now, these are losses that are specifically described or referred to in paragraphs 2D and 2K. So all there is a complete, and I'll use this word probably ill advisedly, but coverage of the exclusion. The exclusion specifically apply to this scenario. The repeated leakage or seepage of water that has occurred over a period of time, he says, doesn't apply because he says it doesn't contain the word rain. And he says rain has to be in there, otherwise this exclusion doesn't apply to this precise factual setting. Well, the Washington Supreme Court is very clear that one may not recharacterize the perils in order to avoid the exclusion. And in the Kish case, which is a case in which water caused flood damage by overtopping dikes, causing damage to structures, the policyholders in that case said, well, we do have this flood exclusion in the policy, but the efficient proximate cause was rain. And Washington Supreme Court, we believe that since this policy does not exclude rain in this setting, we should get coverage for the damage to our buildings. The Washington Supreme Court said, we are not going to allow you to recharacterize the perils. This is what they said in Kish, that rain-induced flood is nothing more than flood, which is excluded under the policy. Now, if rain-induced flood is still flood under that policy as announced by the Washington Supreme Court, then rain-induced repeated leakage or seepage of water that has occurred over a period of time is still repeated leakage or seepage of water. What was the exterior sighting on this building? I understand the experts thought there was inadequate flashing and drainage and venting. But what was the. This was one of those recall products that Louisiana Pacific was peddling a few years ago. It couldn't handle water. No, it's not one of those. It's a it's vinyl sighting that was either improperly papered behind it or there was paper missing behind it, as well as the lack of flashing. So the water, as Tatley Grund, their expert says, when it rains, it would find the holes that were left and actually always appear to some extent in in vinyl sighting. But there has to be this barrier behind it. And there wasn't. And the water just went immediately to the sheetrock and to the stick built construction, the two by fours, the two by sixes and so on. I have two questions for you. Yes. The first is just a point of interest. And the second is substantive interest is when I look at judge, I think it's judge Kunar's opinion. Yes. It's an opinion on partial summary judgment. It leads the opening line of it. So is there anything left to this case or is this the end of it? No, this is at his level. That was the end of it. We had cross motions for summary judgment. OK. My substantive question is, how do you deal with the Tinto case that's relied on the Tinto case? Really, the Tinto case is factually and legally inapplicable. First of all, in the Tinto case, what actually occurred is that the builders that were building the roof in that case, replacing the roof in the case, simply failed to place a temporary roof over the interior of the structure. And as the Ninth Circuit panel in that case said, what inevitably occurs did occur. It rained and there was electronic equipment underneath, inside of the building. And the water just fell with no roof onto the electronic equipment, causing the loss. There was a concluding paragraph to that paragraph three in that policy, which is different from in wording from this policy. But and it read after the defective construction exclusion, it said, but if accidental direct physical loss results from items 3A and 3B, which is the defective design construction exclusion, we will pay for that resulting loss unless the resulting loss is itself one of the losses not insured in this section. In those words, this section that panel felt was important. Because in that case, State Farm was relying upon an exclusion or limitation in a completely different section. This policy says we will provide coverage unless it is excluded under the property subject to limitations exclusion or in the property subject to exclusion section. And in the property subject to limitation section was this limitation that says, you must have damage to the exterior of the structure before we will pay for any water that intrudes into the interior. The court said, all right, that section is a different section than this one that we're referring to. If you look at what they said, they said that that is in a completely different section of policy. And therefore, there's an ambiguity in the policy that the the limitation six, which is the number of the limitation that you're relying upon State Farm, is not in this section. Therefore, this brings coverage back in. We're not relying upon the property subject to limitations section of the policy in this case. And State Farm didn't rely upon it in the Tinto case because that was we're not talking, they were not talking about repeated or continuous leakage or seepage of water that has occurred over a period of time. They were talking about a sudden downpour right into the interior of the structure. So there was no factual basis to rely upon that. In this case, we are relying upon the continuous or repeated leakage or seepage of water that occurs over a period of time. It does appear in this section, unlike the other limitation in the Tinto case. So actually, the scenario was completely different than the present, and it invoked different provisions of the policy. That that case doesn't apply to this case at all, I submit. And my brief tries to lay this out a little more clearly than I'm obviously articulating it here now. OK, well, time is up unless. Thank you. Thank you, Mr. Heffernan. You reserved a segment of time. Thank you. I'd like to address your question regarding Tinto. The factual distinctions between Tinto in this case do not change the basic holding of Tinto. That being that the loss is not insured section of the policy, which is essentially the same here, does not preclude coverage for rain damage. That's what Tinto says. The loss is not insured section of the policy does not preclude coverage for rain damage. That's a direct quote. The repeated leakage and seepage exclusion was not directly addressed in Tinto. However, it was directly addressed by the Washington court in Sunbreaker to the extent that it held that rain, wind driven rain in the Sunbreaker case is a distinct peril from repeated seepage and leakage. And State Farm has cited no case in Washington or any other case in the nation that has taken that exclusion, repeated leakage and seepage and construed it to mean rain. As I understood it, Sunbreaker involved two storms, two windstorms in 1986, at least I have a note of that in 1986 and 1990. And, you know, is that is damage from rain in two storms different than damage that occurs over a longer period of time? I think that's a factual issue for trial, Your Honor. And you asked a question about the procedure in this case. The procedure in this case, which goes to that and answering that question was we brought a motion for partial summary judgment, which said even if the efficient proximate causes defective construction, the loss is not excluded under the repeated seepage and leakage. We brought that and it was denied. State Farm cross moved and said, well, then the whole case should be dismissed. And in opposing that cross motion, we put in the declaration of an expert that said wind driven rain was a cause of the loss to this building. And so there's an issue of fact as to was it we never got into that. Was it one storm, two storms repeated? You know, what was what were the wind velocities? We'd like to present that at trial, but we've been denied that opportunity. Was third party negligence excluded in the policy? Yes. To the extent that defective construction is an exclusion under the policy. Well, didn't the experts say it was defective construction failure to flush the entry points and so on? Yes. And we acknowledge that. And that was in the agreed statement and the agreed facts, wasn't it? Yes. We stipulate that defective construction was the cause of the loss. However, remember, this is an all risk policy. State Farm wrote it. We paid the premium. It's a contract. It covers everything, all risk policy, except for what they carve away. And you're correct that they did carve away damage caused by defective construction. But then it gave back under the exception to that exclusion. Unless it's a loss caused by apparel under the loss is not insured section. That exclusion only applies if it's a loss caused by apparel under the loss is not insured section. You can read that section as they did in Tento. It never says the word rain. And so State Farm cleverly says repeated leakage and seepage is the same as rain. They cite no case for that. The case law in Washington under Sunbreaker says wind driven rain, which is what our expert put in evidence, is distinct. A distinct peril from repeated seepage and leakage. We want to go to trial and show how much of this damage was caused by wind driven rain. And they can't rely on this exclusion because Washington law won't allow it and Tento won't allow it. Thank you for your time. Appreciate your argument. Thank you. We appreciate argument from both counsel. Nicely presented.
judges: Lay , Goodwin, Gould